**UNITED STATES of America**

v.

**[John DOE].**

**No. [\*\*–\*\*\*]–CR–T–23C.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1997.

---

### AMENDED ORDER

MERRYDAY, District Judge.

Before the Court is a request by the Federal Bureau of Investigation for authorization to contact the defendant, [John Doe], and to solicit his assistance as a confidential informant.* In the agency's [MM/DD/YY], request to the United States Probation Office, the Bureau states that "[i]t is thoroughly understood by [the Bureau] that the utilization of individuals under Federal probation as informants is in contravention of guidelines set by the United States Court system and the United States Probation Office, although exceptions can be granted by the sentencing Judge on a case by case basis."

At the conclusion of his trial, the defendant was convicted of possession and conspiracy to possess marijuana with the intent to distribute. On [MM/DD/YY], the Court sentenced the defendant to a prison term of seventy-one months, followed by a four-year term of supervised release. After entry of judgment, the United States lodged several requests to reduce the defendant's sentence based on his substantial assistance in other criminal investigations. These requests were founded putatively on Rule 35, Federal Rules of Crimi-

nal Procedure, which in some circumstances invests the Court with jurisdiction to consider motions filed by the Department of Justice to reduce a defendant's sentence after the sentence is imposed. The Court denied those requests as untimely; the Eleventh Circuit affirmed. *United States v. [John Doe]*, Appeal No. [**-****] (11th Cir. [MM/DD/YY]).

Exhausting all means of obtaining a sentence reduction from the judiciary, the Department of Justice successfully petitioned the President of the United States. According to the United States Probation Office's [MM/DD/YY], memorandum to the Court, "[Mr. Doe] received an Executive Grant of Clemency on [MM/DD/YY], by President William J. Clinton, commuting the confinement portion of the sentence, leaving intact and in effect the remaining provisions of the sentence including the four year term of supervised release, which is scheduled to expire on [MM/DD/YY]."

The commutation by the President followed the recommendation of the Pardon Attorney. According to Section 1–2.108 of the United States Attorneys Manual, "[t]he role of the Pardon Attorney is to assist the President in the exercise of his power under Article II, Section 2, clause 1 of the Constitution (the pardon clause), Executive Order dated June 16, 1893 (transferring clemency functions to the Justice Department), the Rules Governing Petitions for Executive Clemency (codified in 28 CFR 1.1 *et seq.*) and 28 CFR 0.35 and 0.36. (relating to the authority of the Pardon Attorney)." Section 1–2.108 further provides that "appropriate grounds for considering clemency ... include[ ] ... meritorious service rendered to the government by the [defendant], *e.g.*, cooperation with investigative or prosecutorial efforts that has not been adequately rewarded by other official action."

▋ Presumably considering all factors relevant to the defendant's sentence, the President determined that the defendant should serve the remaining term of his su-

---

* On [MM/DD/YY], the Court denied a similar request by the Hillsborough County Sheriff's Office in connection with Mr. [Doe].

pervised release. Under the circumstances, I am at least unwilling, and perhaps unable, to revisit the President's determination by granting a direct request from the Federal Bureau of Investigation. Although I am without the benefit of any account of the specific reasons for the President's decision, I am certain of one thing. Facilitating the defendant's access to the engines of criminal activity, which landed him in jail in the first place, will tend to thwart the wholesome purpose of his supervised release. Further, only the President has the constitutional responsibility to "grant Reprieves and Pardons for Offences against the United States." U.S. Const. Art. II, § 2, cl. 1. This adjoins his constitutional duty to "take Care that the Laws be faithfully executed." U.S. Const. Art. II, § 3. I assume the President's determination in this matter conscientiously conforms both aspects of his constitutional mission. To now recast this criminal sentence without the President's invitation unduly disturbs the purposeful. deference that mediates the intrinsic constitutional tension between the executive and the judiciary (a tension carefully regarded by Congress when sculpting Rule 35 into the criminal justice process).

Accordingly, in consideration of the inadequate supporting record, the Bureau's request is **DENIED.**